The final case set for argument today is U.S. v. Ndala, No. 18-636. MR. BACKRACK Good morning, Your Honors. My name is Michael Backrack. I represent the Defendant Appellant Alexander Ndala. The question before this Court is a very simple one. The question is whether the defendant's sentence of 24 months' imprisonment followed by 2 years of supervised release exceeded the statutory maximum under 18 U.S.C. 3583. Quite simply, the answer is yes, it did, Your Honor. If you look at 3583 ---- Sotomayor That's not disputed by the government, is it? MR. BACKRACK It is not, Your Honor. It is not. Sotomayor So then the question is, should it go back for a correction, or should it go back for resentencing? That's the issue. MR. BACKRACK Yes, Your Honor. And I would say it should go back for de novo resentencing, a correction, not for ---- excuse me, a phrase ---- it should go back for de novo resentencing, Your Honor, as it is ---- as is always the case when a sentence is found to be in plain error, it goes back and you start over. Kagan So you agree that the district court would be able to have the opportunity to consider the approach that is proposed post hoc by the government of allocating sentence periods? MR. BACKRACK So long as it's in the context of a de novo resentencing, the district court could examine any argument the government thinks up, just like it should be ---- is required to determine, to examine any argument the defense comes up with at that point. Kagan So a total redo. MR. BACKRACK Total redo, yes, Your Honor. That's, I think, perfectly fair. Whether or not their argument withstands reasonable inquiry is another question. It's not a question before this Court right now. But that's not what the government has asked. Kennedy So there's no disagreement between you two? MR. BACKRACK Well, no, there is, because what the government is asking is not for de novo resentencing. The government is asking to go back to the court just for the limited purpose of asking the court, asking Judge Johnson, Judge, did you really mean to sentence in this manner? Did you really mean to sentence in this manner that no one talked about in district court initially, not the defense, not the government, not Your Honor? Did you really mean to sentence him in a manner that is not consistent with the standard of practice in this Court, not to say it can't be done that way, but to say that you didn't, it wasn't discussed or argued for or advanced in any way, even though, notwithstanding the fact that the government, Mr. Buford specifically, the same prosecutor who's handling this on appeal, asked the judge to clarify what exactly did he mean. He said, Your Honor, was the 24 months and 2 years of supervisory release concurrent in all violations? The judge says yes. Mr. Buford, the government did not ask, did not ask the judge, Judge, when you said 24 years, I mean, 2 years and 24 months, you didn't mean 2 years on count one and 24 months on count two. That's not what he asked. He asked a very simple, straightforward question, consistent with the general practice in this district and, in fact, in this entire circuit, to my knowledge, and the judge gave a simple and straightforward answer. So that is the difference, Your Honor. I do not believe, appellant does not believe that we can go back to the district court just for the limited purpose of asking the judge, did you mean to really find a way of contorting yourself around the statute as opposed to simply a de novo resentencing, where both parties get to argue what they believe is appropriate. And I'll say this, Your Honor, I do question whether or not the government's alternate theory would survive reasonableness review. I don't think it's a question that needs to be answered right now, but I think there has to be a reasonable basis as to why you would sentence the defendant one way on count one in relation to count one and another way in relationship to count two when the counts one and two both relate to the same underlying conduct. Roberts, would it even be a lawful sentence to do that? When I read the statute, a term on resentencing, on sentencing for a violation of supervised release, the judge can impose a sentence of imprisonment and a sentence of supervised release to follow imprisonment. If the judge divided it up and said, okay, I'm going to impose two years' imprisonment for a violation of the supervised release on count one and two years' supervised release for a violation of supervised release on count two, the supervised release would not be following a period of imprisonment for a violation of supervised release on count two. It would seem to be contrary to the statute. Well, I think the cases that the government cites to, which this Court has never examined, those cases cite that the statute is count-specific. It's count-specific, that it's referring to how it adjusts with respect to each individual count. I haven't researched, Your Honor. But if what I'm suggesting is that sentence, if you look at it as count-specific, the term of supervised release to follow imprisonment would not be a term of supervised release following imprisonment, because you would not be imposing imprisonment for a violation of supervised release on count two. Oh, that's a very good point, Your Honor. But as I understand it, I mean, this could all be determined at the district court level, but the limit was a three-year. He could only impose up to three years of a combination of supervised release and imprisonment on each count, right? He did four. He did four. That's how I read the statute. Yes. So he could conceivably do two years, two years and one year of supervised release on one, and then one year of imprisonment and two years of supervised release on the other, and be, and have them be concurrently, concurrently have it be within the thing. Based upon the cases in the other circuits, I think that is possible, assuming again, it can survive a reasonableness review. And there has to be a reasonableness review when something like that is done. And I don't see when you have the same underlying conduct, there would be any justifiable basis for sentencing with respect to one count one way and another count the other way. Well, they have a preview of your argument for the district court if we send it back. They certainly do, Your Honor, at least the argument against them. They don't have a preview yet on what I'll be arguing. Well, I'll be arguing for a lower sentence, Your Honor. Oh, I see. Unless there are any other questions, Your Honor. Thank you. Then we'll hear from the government. Thank you. Good morning, Your Honors. May it please the court. My name is Turner Buford. I represent the United States. What's wrong with just having it re-sentenced? Your Honor, I think we may be on common ground. The government doesn't object to a de novo re-sentencing. I think if that's what the court is inclined to do here. We do think, though, that what I think the appellant is asking the court to do, as we understood the brief, was to vacate the sentence that was imposed as being plain error. We think that the sentence is legally possible, albeit it depends on how you get there. The ultimate outcome is legally possible, but not the way he did it. I think that's right, Your Honor, although I would say the reason we suggested that the two plus two concurrent, no, we can't do that. Correct. I think that's right. Judge Codall, to your point, I understand the point about the statute with imprisonment to be followed by supervised release. But the example in our brief may not be the best way to structure the sentence, but there is another way the district court could do it under the Zendakis case in the Ninth Circuit, which is that even on concurrent terms of supervised release, imprisonment for revocation can run consecutively. So Judge Johnson, if there were a de novo resentencing, could order one year on count one of imprisonment, one year of imprisonment on count two, run them consecutively, and then would still have two years of supervised release to impose on the counts. That would be another way to get to the two years of imprisonment. You're saying as though that notwithstanding the fact that the sentence was illegal, that we could sort of finesse that and send it back to him. And I think, don't we, if the sentence is illegal, doesn't it have to be vacated? I think that's right. Do you have a case where maybe we didn't do that? I'm not saying the sentence necessarily shouldn't be vacated. What I'm saying is I don't know that the sentence is necessarily illegal, because Judge Johnson didn't speak to the specific issue that would determine whether it's legal or not. But as framed, I mean, on clear error review, it's or plain error review, it's plainly erroneous to have sentenced concurrently. I believe that's right. To run the four years, yes. He said two plus two on each count are concurrent. Well, what he didn't say, Your Honor, is he said two years imprisonment for each violation. What he did not speak to is whether he was allocating the two years imprisonment to the underlying count in terms of revocating both terms of supervised release, which I think is the issue that would matter for purposes of the cases we cite, the Hurtler being the most recent case. So that certainly Judge Johnson may have been ill-served by the parties, and I include myself in that regard, but the specific question of whether or not you're revoking both terms of supervised release with respect to both counts and then allocating the imprisonment and the supervised release that he wanted to do among those counts was not an issue that the judge took up during the sentencing process. Wasn't it, wasn't the bottom line plain two plus two total for two years imprisonment, two years supervised release total four years, which was unlawful? Again, Your Honor, I think that the result is not necessarily unlawful, given that the judge did not speak to the issue of how he was allocating one count. But the total, the two plus two, two years imprisonment, followed by two years supervised release, just couldn't be under any construction. With Your Honor's point about 3583H, I think that's right, that when the judge said two years imprisonment without specifying one year consecutive on each count, the sentence that was described by the district court is difficult to square with the language Your Honor cited on 3583H. He never used the word consecutive. He never used the word consecutive, that's correct. But you used the word concurrent. I did, Your Honor. The second point, just for the record, was the 24 months and the two years of supervised release concurrent on all violations. Concurrent on all violations. And everybody, and the judge said concurrent, right? That's correct, Your Honor. Well, it seems like we're all agreed in any event that it's going back for resentencing. And this sentence will be vacated. Is that correct? We don't dispute that, Your Honor. What I guess we're going to dispute here, I'm sort of surprised that we're hearing the case. What I think we're closer than we may have thought we were when the issue was briefed here. And as presented in the papers. Yes. Very good. Maybe you were persuaded by his brief when you read it the second time, after you wrote yours. I still think the sentence is legally possible, but not the route that was taken. All right. Thank you very much for your arguments. We have two more cases on the calendar today. Shibboleth v. Buchanek and Buchanek v. Trading Screen. We have those on submission. And the Court will please adjourn. Thank you.